IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL KEVIN SITTLER, EJ-4733,<br>    Petitioner, | )<br>)<br>) |
|     v. | ) Civil Action No. 08-1718<br>) |
| MICHAEL HARLOW, et al.,<br>    Respondents. | )<br>)<br>) |

Memorandum and Order

Mitchell: M.J.:

Daniel Kevin Sittler, by his counsel, has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed, and because reasonable jurists could not believe a basis for appeal exists, a certificate of appealability will be denied.

Sittler is presently incarcerated at the State Regional Correctional Facility at Mercer serving a two and a half to five year sentence for driving under the influence; a consecutive one to two year sentence as a habitual offender and a mandatory 90 day sentence for driving under suspension, following his conviction, by the court, at No. CC 20009170 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence which is effectively a three year and nine month to seven year sentence was imposed on February 19, 2002.[1]

Petitioner filed an appeal to the Superior Court in which the issues presented were:

I. Whether the trial court erred in denying appellant's pre-trial motion to habeas corpus relief.

---

[1] See: Petition at ¶¶ 1-8.

II. Whether the trial court erred in denying appellant's pre-trial motion to suppress evidence.

III. Whether the trial court erred in not granting appellant's petition requesting judicial recusal.[2]

On March 8, 2004, the judgment of sentence was essentially affirmed, and on December 29, 2004, leave to appeal was denied by the Pennsylvania Supreme Court.[3]

A post-conviction petition was filed on July 13, 2005.[4] Relief was denied on August 8, 2006.[5]

An appeal was taken to the Superior Court in which the issues presented were:

I. Did defense counsel render ineffective assistance of counsel, when he failed to investigate the validity of the Commonwealth Expert witness's opinion contained in the discovery materials and when he failed to present an expert witness to respond to trial testimony given by the Commonwealth's expert witness?

II. Did defense counsel render ineffective assistance of counsel, when, after filing a petition requesting judicial recusal and having it denied, he advised Mr. Sittler to proceed with a non-jury trial despite not informing Mr. Sittler that defense counsel: (1) had a lack of confidence in the lower court's impartiality; and, (2) had not retained an expert toxicologist as a witness.[6]

On December 20, 2007, the denial of post-conviction relief was affirmed and leave to appeal to the Pennsylvania Supreme Court was not sought.[7]

---

[2] See: Exhibit 4 to the answer of the Commonwealth.

[3] See: Petition at ¶¶ 10-12 and Exhibit 5 to the answer of the Commonwealth..

[4] See: Petition at ¶ 15 and Exhibit 7 to the answer of the Commonwealth..

[5] See: Petition at ¶ 17.

[6] See: Exhibit 10 to the answer of the Commonwealth.

[7] See: Petition at ¶ 20 and Exhibit 11 to the answer of the Commonwealth..

The instant petition was filed on December 18, 2008. In his petition, Sittler contends he is entitled to relief on the following grounds:

> 1. Petitioner's due process rights and entitlement to the effective assistance of counsel were violated when trial counsel failed to investigate the validity of the Commonwealth's expert witness' opinion and failed to present an expert witness to testify on behalf of the petitioner.[8]
>
> 2. Petitioner was denied due process of law and the effective assistance of counsel when trial counsel unsuccessfully requested judicial recusal and then advised petitioner to proceed to non-jury trial before the same judge.[9]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the Pennsylvania Superior Court affirmed the judgment of sentence on March 8, 2004, and leave to appeal to the Pennsylvania Supreme Court was denied on December

---

[8] See: Petition at p. 11.

[9] See: Petition at p. 54.

29, 2004. In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for discretionary review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on March 29, 2005.

The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until July 13, 2005, or over one hundred days after he could have done so. That petition was denied, and the denial of post-conviction relief was affirmed by the Superior Court on December 20, 2007, and leave to appeal to the Pennsylvania Supreme Court was not sought. The instant petition was filed on December 18, 2008 or almost a year after the affirmance of the denial of post-conviction relief. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, considerably in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

In the present petition counsel argues that the instant petition should not be considered time barred because "It was not until Petitioner obtained new counsel and discovered the availability of experts who would identify the scientific invalidity of the government expert witnesses that the factual predicate for the claims herein came to light."[10]

This argument is unavailing for several reasons.

First, we note that although the post-conviction appeal and the instant petition raise the same issues, present counsel was also counsel on the post-conviction appeal and the instant petition was filed only two days short of one year after the affirmance of denial of post-conviction relief.

---

[10] See: Petition at ¶ 28.

4

In addition, petitioner is in essence claiming the ineffectiveness of trial counsel, a claim which arose at the time of trial, See: Schleuter v. Varner, 384 F.3d 69, 74 (3d Cir.2004) cert. denied 544 U.S. 1037 (2005) holding that "the one-year period of limitation commences under section 2244(d)(1)(D) when the factual predicate of a claim could have been discovered through the exercise of due diligence, not when it actually was discover." As the respondents note, to hold otherwise would result in a new running of the statute of limitations every time a new theory of defense arises.

It should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

Accordingly, the petition of Daniel Kevin Sittler for a writ of habeas corpus will be dismissed. An appropriate Order will be entered.

February 19, 2009                             s/Robert C. Mitchell,
                                              United States Magistrate Judge

ORDER

AND NOW, this 19th day of February, 2009 for the reasons set forth in the foregoing Memorandum, the petition of Daniel Kevin Sittler for a writ of habeas corpus is dismissed and because reasonable jurists could not conclude that a valid basis for appeal exists, a certificate of appealability is denied.

s/ Robert C. Mitchell<br>
United States Magistrate Judge